IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | CASE NO. 4:08CV3044 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| INTERNAL REVENUE SERVICE, | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on March 10, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on March 10, 2008, naming only one Defendant, the Internal Revenue Service. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are illegible and are extremely difficult to decipher. As best as the court can tell, Plaintiff generally requests that the court "direct defendant 2 cease and desist from seeking 2 levy the taxes against" him. (*Id.*) Plaintiff states that he previously filed tax returns for the years 2003 and 2004, but that "defendant claimed [Plaintiff] owed thousands" in additional taxes. (*Id.*)

II.   **APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.,* 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.     DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, much of Plaintiff's one-page Complaint is unreadable. The allegations which the court can decipher do not nudge Plaintiff's claims across the line from conceivable to plausible. In short, Plaintiff does not allege that he was deprived of a right secured by the Constitution or laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993). Importantly, the Complaint does not contain a single allegation addressing this court's jurisdiction in light of the bar on suits seeking to restrain the Internal Revenue Service from collecting income taxes. *See* 26 U.S.C. § 7421. As such, even with

the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced" and must be dismissed. *Stringer*, 446 F.3d at 802.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) fails to state a claim upon which relief may be granted and is therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2);

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

DATED this 19th day of May, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge